# W. E. Barnes *v.* Bonta Plate Glass Company, Appellant.

*Contract—Employment of servant—Question for jury.*

In a suit to recover wages which turned upon the question of employment by and service rendered to one of two parties, associated by community of interest, the case is necessarily for the jury, and the facts having been fairly submitted the appellate court will not disturb their finding.

Argued Jan. 14, 1898. Appeal, No. 32, Jan. T., 1898, by defendant, from judgment of C. P. Lackawanna Co., May T., 1896, No. 998, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Assumpsit for wages. Before GUNSTER, J.

A suit was brought by W. E. Barnes against the Bonta Plate Glass Company for wages due for manual labor performed by the plaintiff. There did not seem to be any dispute as to the fact that there was due to the plaintiff the amount of wages claimed. The defense set up was that the plaintiff did not work for the defendant but that he worked for one J. W. Bonta who had a contract under defendant to do this work, and that plaintiff well knew that he was working for J. W. Bonta individually. There was evidence however, tending to show that the plant of the defendant company was being operated by the defendant company themselves during the time when plaintiff did the work; that while he worked at the plant of the defendant company, different officers of the company from time to time were there, and that he was more or less under the immediate supervision of the secretary of the company who was also the private secretary of Mr. Bonta.

There was evidence also tending to show that there were goods sold to the plant for the purpose of completing the building and carrying on the operations, and that these goods were addressed to the company and not to Mr. Bonta; that accounts were kept by the company at a store in the immediate neighborhood; and that a blacksmith did work and sent tools to the establishment for the company; that the time of the men who were working there, while they were engaged at work, were ac-

30 BARNES *v.* BONTA PLATE GLASS CO.

Statement of Facts—Assignment of Errors. [7 Pa. Superior Ct.

tually kept for part of the time by the plaintiff himself, upon slips which bear the name of the defendant company, and which were furnished him by the secretary of the company."

Verdict and judgment for plaintiff for $10.35. Defendant appealed.

*Errors assigned* among others were (1) in charging the jury as follows : " Now upon the part of the plaintiff, you have evidence tending to show that the plant of the defendant company was being operated by the company themselves during the time when the plaintiff did the work." (2) In charging the jury as follows : " But the plaintiff alleges that he knew nothing about this matter at all, and that the operations there were being carried on in the name of the glass company, and that the secretary of the company assisted in carrying them on there in the name of the glass company, and that, therefore, he was led to believe, by the secretary of the company, that the way in which the company operated its business and allowed it to be carried on there, that it was the work of the company. If that was so, if he was misled by the secretary of the company, then even though the work was being done by Mr. Bonta, if he was misled, not only by the silent, but by the actual conduct of the officers of the glass company, the glass company might be liable to him." (3) In charging the jury as follows : " It is important for you, gentlemen of the jury, to ascertain whether the company carried on the operations there while Mr. Barnes worked there. If it was the company who was doing the work, there is no question about the company's liability. If the company was not doing the work, then was the work being done by Mr. Bonta under the contract, as is alleged by him? If the work was done by Mr. Bonta under the contract, and Barnes knew that Bonta was doing the work under the contract, then he cannot recover, because then he was clearly working for Bonta. But if Barnes did not know that Bonta was doing the work under the contract, and he was led to believe by the conduct of the secretary of the company that the company was doing the work, and the operations there were being carried on in the name of the company, then the company would be liable to him. If the operations were carried on in the name of the company, and Barnes was led to believe that the company was doing

the work by the conduct of the secretary, and he did not know that Bonta was doing the work, then the company would be liable to him." (4) In admitting evidence showing that the statements were rendered to and bills paid by the company for goods delivered to them during the erection of the plant used therein. (5) In allowing the plaintiff to offer in evidence a certificate of stock taken out by him in the Bonta Plate Glass Company. (6) In refusing to admit the minutes of the board of directors of the Bonta Plate Glass Company, showing when the company accepted the plant upon which the plaintiff worked.

*A. A. Vosburg,* of *Vosburg & Dawson,* for appellant.—This is a test case upon the result of which depend a large number of similar suits. The jury was misled by the charge of the court. The evidence, the admission of which was complained of, was not admissible per se, and was therefore not admissible in corroboration: Wolle v. Brown, 4 Whart. 365; Kendall v. Lee, 2 P. & W. 482.

*C. Comegys,* for appellee.

OPINION BY ORLADY, J., February 19, 1898:

All doubt as to whether the plaintiff was an employee of John W. Bonta or of the defendant was due to the intimacy of the business operations between that individual and the defendant corporation which was developed through his energy.

The methods employed in the complex business management, and the dividing line between the ending of the one enterprise and the beginning of the other were naturally confusing to the employees, and as the community of interest yet exists, it is reasonably to be expected that the amount recovered by this plaintiff will be equitably adjusted between the parties whose lax and complex business methods have produced this litigation, but the facts were all fairly submitted to the only tribunal empowered to determine them, and we do not find any error to justify a reversal.

The judgment is affirmed.